ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 21, 2003

The Honorable Florence Shapiro
Chair, Senate Committee on Education
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0044

Re: Whether a home-rule municipality may operate a cemetery (RQ-0614-JC)

Dear Senator Shapiro:

You ask whether a home-rule municipality may operate a cemetery.

Chapter 711 of the Health and Safety Code sets forth various provisions relating to cemeteries. Section 711.021 thereof provides that "[a]n individual, corporation, partnership, firm, trust, or association may not engage in a business for cemetery purposes in this state unless the person is a corporation organized for those purposes," and imposes certain requirements upon entities wishing to maintain and operate a cemetery. TEX. HEALTH & SAFETY CODE ANN. § 711.021(a) (Vernon Supp. 2003). Subsection (g) of that statute, however, specifically declares that "[t]his section does not apply to," *inter alia*, "a public cemetery belonging to this state or a county or municipality." *Id.* § 711.021(g).

Section 713.001 of the Health and Safety Code provides:

The governing body of a municipality may:

(1) purchase, establish, and regulate a cemetery; and

(2) enclose and improve a cemetery owned by the municipality.

*Id.* § 713.001. Because section 713.001 specifically fails to include the word "operate," you ask whether the absence of "a specific grant of authority for the operation to be vested in a city" prohibits a home-rule municipality from operating a cemetery, thus requiring the city "to contract with a qualified corporation" under section 711.021.[1]

---

[1]Letter from Honorable Florence Shapiro, Chair, Senate Committee on Education, to Honorable John Cornyn, Texas Attorney General at 2 (Sept. 30, 2002) (on file with Opinion Committee).

The authority to "purchase, establish, and regulate a cemetery" includes the authority to operate it. First, section 713.002(a) indicates that a municipality may operate a cemetery: "A municipality that owns or *operates* a cemetery or has control of cemetery property may act as a permanent trustee for the perpetual maintenance of the lots and graves in the cemetery." *Id.* § 713.002(a) (Vernon 1992) (emphasis added). Second, nothing in subchapter A of chapter 713, regarding municipal regulation of cemeteries, suggests that a municipality must contract with a private entity to operate a cemetery that the municipality itself owns.

Finally, a home-rule city, unlike other types of municipality, by virtue of the home-rule amendment to the Texas Constitution, article XI, section 5, has broad authority to exercise all powers not prohibited by statute. *See* TEX. CONST. art. XI, § 5; TEX. LOC. GOV'T CODE ANN. § 51.072(a) (Vernon 1999) (a home-rule "municipality has full power of local self-government"). A home-rule municipality need not look to the legislature for grants of power but only for limitations on its powers. *Proctor v. Andrews*, 972 S.W.2d 729, 733 (Tex. 1998). A legislative limitation on the authority of a home-rule municipality may be express or implied, but the intent of the legislature to impose such a limitation must appear with "unmistakable clarity." *City of Sweetwater v. Geron*, 380 S.W.2d 550, 552 (Tex. 1964).

In the absence of any statutory limitation, either express or implied, on the power of a home-rule municipality to operate a cemetery, we conclude that a home-rule municipality is authorized to operate a cemetery.

## S U M M A R Y

A home-rule municipality is authorized to operate a cemetery.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee